| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| United States of America | **MEMORANDUM & ORDER** |
| | 21-cr-46 (ERK) (RER) |
| – against – | |
| Kaveh Lotfolah Afrasiabi, | |
| Defendant. | |

KORMAN, *J*.:

     Kaveh Afrasiabi (the defendant) has been indicted for one count of conspiracy against the United States and one count for failure to register as an agent of Iran. The defendant had his initial appearance on January 19, 2021 in the District of Massachusetts, where he resides, after he was arrested on a complaint filed in the Eastern District of New York. The defendant waived his right to appear in person for his initial appearance and agreed to proceed by videoconference. A subsequent arraignment on the indictment by videoconference was set for February 10 at the request of William Keefe, the attorney who represented the defendant at his initial appearance. Mr. Keefe asked for that date because he was "in the process of figuring out whether [he was] going to be the defendant's lawyer going forward" and he indicated that February 10 would be the earliest date at which he could appear. The defendant subsequently emailed the U.S. Attorney that he intended to represent

1

himself. The email was then forwarded to me. I indicated that the defendant's request to appear pro se would be addressed at the arraignment.

The defendant has now requested that his arraignment be held in person. That request is denied. Although the defendant may have a right to an in-person arraignment (absent his consent to proceed via videoconference), Local Rule 50.2 requires only that the defendant be arraigned as "promptly as practicable," and it is not currently practicable to hold an in-person arraignment because of the coronavirus pandemic and the restrictions placed by the Chief Judge on in-person proceedings. *See* Administrative Orders 2020-26, 2020-26-1, 2020-26-2 (excluding time under the Speedy Trial Act through March 1, 2021 and providing that "all criminal hearings . . . shall be conducted remotely" absent extenuating circumstances).

There are no such extenuating circumstances here. A delay in a formal arraignment will not prejudice the defendant in any way. As one of the leading treatises on criminal procedure has observed, "[t]echnically, the arraignment is a proceeding after an indictment . . . is filed in which the charges are read or summarized by the judge and the defendant enters a plea." 1 Fed. Crim. Prac.: A Second Circuit Handbook § 2-1. Thus, it is merely a means to ensure the defendant has "an adequate opportunity to defend himself in the prosecution" and is less significant if "it cannot for a moment be maintained that the want of formal arraignment deprived the accused of any substantial right, or in any wise changed

the course of trial to his disadvantage." *Garland v. Washington*, 232 U.S. 642, 645 (1914). At his initial proceeding in the District of Massachusetts, which occurred only three days before he was indicted, the charges in the extraordinarily detailed 37-page complaint were explained to him and he was informed of his constitutional rights. *See* Fed. R. Crim. P. 5(d). Thus, if the defendant does not wish to consent to an arraignment by video on what would be no more than a duplicative hearing on the 5-page indictment, I will delay holding one until it is safer to conduct it in person. Nevertheless, the case can proceed as if the defendant had entered a not guilty plea.

As for the defendant's request to represent himself, I cannot permit him to do so without a hearing to ensure that he understands the "dangers and disadvantages of self-representation." *Faretta v. California*, 422 U.S. 806, 835 (1975); *see also* 1 Fed. Crim. Prac.: A Second Circuit Handbook § 41-3. The defendant does not appear to understand that there are major differences between his prior experience in civil proceedings and this criminal prosecution, one of the most significant of which is that if the defendant is convicted, he potentially faces time in prison. Indeed, in this case, the maximum potential sentence is ten years' incarceration along with additional consequences that may include supervised release, forfeiture of certain assets and a fine. A criminal conviction could also have some potential effect on his immigration status. Moreover, there are different rules of practice and important strategic decisions that must be made, such as formulating a theory of the

defense, whether the defendant should testify on his own behalf, and whether he should accept or reject any plea offer made by the prosecution. Such decisions are of the kind that should be made after consultation with experienced criminal counsel. Indeed, for this reason, it is often said that he who represents himself has a fool for a client.

In sum, I do not intend to permit the defendant to represent himself until I hold a hearing to determine whether he knowingly and voluntarily waives his right to counsel guaranteed by the Sixth Amendment to the Constitution. Nor will I act on any pro se motions that he files until that time. I will go forward with the February 10 hearing by videoconference, because it was requested by Mr. Keefe, at least for the purpose of determining whether the defendant is willing to waive his right to counsel and appear pro se. If, upon giving the matter further thought, the defendant wishes to proceed with either the arraignment or the necessary colloquy to determine if he may proceed pro se, I would suggest that he consult with an attorney from the Federal Defenders of New York for the purpose of advising him as to whether to waive his right to counsel. If he would like to do so, I will provide him with a method of contacting the Federal Defenders. I will try to have such an attorney present on February 10 as standby counsel if the defendant wishes to consult for this limited purpose.

                                               **SO ORDERED.**

                                               *Edward R. Korman*

Brooklyn, New York                                      Edward R. Korman
January 31, 2021                                         United States District Judge