UNITED STATES DISTRICT COURT
District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>    versus )<br>     )<br>Kaveh L. Afrasiabi, )<br>    Defendant. ) | Case No: 21-MJ-50 |

## **DEFENDANT'S SECOND SUPPLEMENTARY MOTION FOR THE IMMEDIATE DISMISSAL OF COMPLAINT BASED ON EXCULPATORY EVIDENCE**

    Defendant Kaveh Afrasiabi, pro se, in this Second Supplementary Motion To Dismiss provides further evidence of exculpatory evidence that support the Defendant's position that the instant complaint against his fundamentally flawed and cannot withstand the weight of legal scrutiny.

    Defendant turns the Court's attention to his last oped article in the New York Times that called for a meeting of US and Iranian presidents at UN. The link for the article, September, 2018, is as follows:

> https://www.nytimes.com/2018/09/05/opinion/trump-rouhani-summit-meeting.html

    Contrary to the Plaintiff's false assertion that Afrasiabi wrote "propaganda articles" to advance Iran's interests, without providing a single evidence, Defendant states that this article alone demonstrates Afrasiabi's keen attention to the mutual interests of both countries. The article echoed the sentiment of US President Trump at the time, who had expressed his interest in meeting his Iranian counterpart on the sideline of UN General Assembly. There is absolutely nothing propagandist about this, and for that matter any other, writing by Afrasiabi.

    Furthermore, Afrasiabi followed up the article by contacting the UN Secretary General, urging him to use his role to create such a much-needed meeting for the sake of world peace, and pursuant to the response of the Secretary General's Office, met with the heads of the Secretariat's Political Affairs Department, led by Sussane Rose. Subsequently, Rose wrote an email to Afrasiabi thanking him for his effort and the meeting. See *Exhibit I:* Afrasiabi's email to UN Secretary General, responses from the Secretary General, and the email of Sussane Rose.

    The above-mentioned exculpatory evidence refutes the Plaintiff's allegation that Afrasiabi operated as an Iran "agent" to further Iran's interests in US. Afrasiabi always acted as a moral and responsible intellectual and academic and a peace activist heeding his moral responsibility.

    Although the prosecution in the complaint admits to have had full access to Afrasiabi's emails, none of the emails that are exculpatory in nature and contradict the false narrative of an Iran "agent" are cited and, quite likely, were not presented to the Grand Jury, as they should have in line with the legal and ethical duties of the Prosecution in this instant action. "The due process rights of a defendant may be violated if the prosecutor deliberately or intentionally misleads the grand jury, uses known perjured or false testimony, or presents other deceptive or inaccurate evidence." People v. DiVincenzo, 183 Ill. 2D 239, 257 (1998). ''Nevertheless, an indictment need do little

more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16 (1952).  Rule 48(a), *Rinaldi v. United States*, 434, U.S. 22 (1977), "leave of court" requirement to dismiss a case when there is ample evidence of impropriety on the part of prosecution, cited in the Defendant's motion to dismiss and the affidavit, is met here.

  WHEREFORE, Defendant prays the court to dismiss the complaint in the interest of justice.

Kaveh L. Afrasiabi. Pro Se

Certificate of Copy: A true copy of this Second Supplementary Motion has been served on the Plaintiff on this date, February 4, 2021, under the pains and penalties of perjury.

Kaveh Afrasiabi