UNITED STATES  DISTRICT  COURT
District of  New York

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | Case No: 21-MJ-50 |
|     Plaintiff,                                      ) | |
|     versus                                            ) | |
|                                                           ) | |
| Kaveh L. Afrasiabi,                              ) | |
|     Defendant.                                 ) | |

## DEFENDANT'S REQUEST FOR THE COURT'S DISMISSAL OF COMPLAINT SUO SPONTE ON THE BASIS OF PRIMACY OF UN OBLIGATIONS /INADEQUACY OF FARA

    Now comes the Defendant, Afrasiabi, Pro Se, and hereby moves the Honorable Court to dismiss the present complaint against him suo sponte on the basis of primacy of UN obligations over domestic obligation under the UN Charter.

    To elaborate, the UN Charter, Chapter XVI, Article 103 reads as follows:

    "In the event of a conflict between the obligations of the Members of the United Nations under the present Charter and the obligation under any other international agreement, the obligation under the present Charter shall prevail."

    The scope of supremacy clause of the United Nations clearly extends to domestic laws, as a part and parcel of international laws, when there is a conflict of obligations between UN obligations and state obligations, as is clearly the case with respect to the Defendant, who worked legally for 13 years under the permitted UN norms, which allow country missions to hire consultants to advance their missions.  *See Scholarly observations on this settled matter in international law: M. Akehurst, A Modern Introduction to International Law (Routledge, 7th Edition, 1997).*

    Lest we forget, the Foreign Agent Registration Act (FARA) was promulgated before WWII and before the founding of the United Nations after WWII, which has resulted in a litany of US-UN agreements, including the agreement entitled "Agreement Between the United Nations and the United States of America Regarding the Headquarters of the United Nations", signed June 26, 1947 (22 U.S.C. 287 note), and the Convention on Privileges and Immunities of the United Nations, entered into force with respect to the United States on April 29, 1970 (21 UST 1418; TIAS 6900; UNTS 16).

    Notwithstanding the above-mentioned agreements and Article 103 of UN Charter, Defendant states that his consulting role for an aspect of the UN, which comprises country missions as well as specialized agencies, etc., provided de facto immunity and exemption irrespective of the fact that he is not a diplomat. As a customary practice, the United States Government until the present case has tacitly acknowledged this fact by not bringing similar charges against literally countless other cases of individuals performing consulting role for various country missions to the United Nations.  The FARA Act is outdated, in urgent need of revision to be updated with respect to the post-WWII new realities, including the UN and its country missions operating on US soil, and the present complaint against the Defendant clearly stems from a basic misunderstanding of the Supremacy Clause of the UN Charter.  As it stands, FARA's list of exemptions include "commercial exemptions," "lobbying disclosure act exemptions," "lawyer's

exemptions" and the like, and its purview does not extend to UN, as is necessary and called for by the various US agreements regarding the UN above-mentioned.

Henceforth, Defendant prays the Court to dismiss the present complaint suo sponte in the interest of justice.

Respectfully Submitted,

Kaveh L. Afrasiabi, Pro Se


Certificate of Copy: A true copy of this Request has been served on the Plaintiff on this date, 02/18/21, under the pains and penalties of perjury.

Kaveh L. Afrasiabi