UNITED STATES DISTRICT COURT
District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No: 21-MJ-50 |
|     Plaintiff, ) | |
|     versus ) | |
| ) | |
| Kaveh L. Afrasiabi, ) | |
|     Defendant. ) | |

## DEFENDANT'S MOTION TO PRECLUDE THE GOVERNMENT'S CLAIM OF DEFENDANT'S DECEPTION OF EDITORS

Now comes the Defendant Afrasiabi, pro se, and pursuant to the criminal rules of procedure moves the Court to preclude the Government from making the presentation that the Defendant has "deceived the editors" in the past by failing to disclose his consulting role with the Mission of Islamic Republic of Iran to UN.  *See Transcript of the Hearing on February 10, 2021, page 27, attached herein as Exhibit No. 1.*  This claim has been widely circulated in the media, resulting in substantial damage to the reputation of the Defendant.

Defendant states that the preclusion of this statement on the part of the Government is called for due to the following reasons:

(a) The US Government has leveled two counts of violation of the Foreign Agent Registration Act (FARA) and conspiracy to violate FARA.  The claim of deception of editors falls outside the purview of both counts and, indeed, is tantamount to an implicit third count, i.e., of fraud, which must be either made explicit and presented as an additional charge or precluded as a matter of law;

(b) The US Government's claim of Defendant's deception of editors has not been echoed by any US editor from the long list of newspapers, journals, and TV networks in question, including (the public) Voice of America and PBS.  The US Government cannot speak for the private media and substitute their judgment with its politically-tainted judgment, smacking of an un-democratic and totalitarian tendency;

(c) Defendant did not see fit to mention any of his related consulting roles, e.g., for FoxTV, ABC's "20/20," or CBS' "60 Minutes," and has only rarely mentioned his past consulting role for the UN's Program on Dialogue Among Civilizations;

(d) Defendant has consistently in most of his Iran-related articles has mentioned his past role as "advisor to Iran's nuclear negotiation team," e.g., in several of his pieces in New York Times, Boston Globe, and Bulletin of Atomic Scientists, reasonably interpreted by editors as somewhat sympathetic toward Iran (particularly with respect to the nuclear issues and the Iran nuclear accord). Also, the Defendant has regularly mentioned his past experience as a (visiting) political science professor at Tehran University.  In other words, the Government's claim that Afrasiabi misled the editors by appearing as "neutral" is simply factual incorrect;

(e) The principal reason why Defendant did not mention the Iran consulting role in his communication with the editors were (a) that role had no bearing on his publications, and (b) would certainly convey the wrong impression that his expert analyses were tainted by considerations extraneous to his professional expertise as an expert on Iran's foreign and nuclear affair;

(f) Defendant draws the Court's attention to the similar case of Mr. Henry Kissinger, who per media reports has been a consultant to Saudi Arabia for many years, and who has never mentioned that in his various publications. Yet, unlike Afrasiabi, Mr. Kissinger has never been charged with violating FARA, reflecting the Government's double standard.

(g) There was in fact no need to deceive the editors by the Defendant, whose numerous articles and books invariably reflect the Defendant's deep commitment to furthering the cause of de-escalation of tensions and building bridges between two hostile nations of US and Iran. The burden is on the government to prove that Afrasiabi's intent in deceiving the editors was to publish propaganda pieces in favor of Iran. Already, Afrasiabi has proffered a slew of samples of his writings that aptly debunk this false allegation that overlooks numerous instances when Afrasiabi's writings diverged from Iran's positions, e.g., his New York Times piece defending the late Shah's reform, his writings on the mistreatment of women, his article on the FBI agent missing in Iran, etc.

WHEREFORE, Defendant prays the Court to allow this Motion.

Respectfully Submitted,

Kaveh L. Afrasiabi, Pro Se

Certificate of Copy: A true copy of this Motion has been served on the Plaintiff on this date, 02/19/21, under the pains and penalties of perjury.

Kaveh L. Afrasiabi