UNITED STATES DISTRICT COURT
District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>    versus )<br>)<br>Kaveh L. Afrasiabi, )<br>    Defendant. ) | Case No: 42-cr-46 EDNY |

## DEFENDANT'S SEALED RESPONSE TO GOVERNMENT'S LETTER OF MARCH 1, 2021 REGARDING HIS PENDING MOTIONS

    Now comes the Defendant, Afrasiabi, Pro Se, and herein responds to the Government's letter of March 1, 2021, regarding the Defendant's request to continue his consulting role with the Mission of Islamic Republic of Iran to UN (Iran Mission). Defendant prays the Court to allow him to continue his said role, albeit with new limits and parameters set in order to satisfy the Government's expressed concerns.
    As grounds for his request to continue his role with Iran Mission, Defendant states the following:

(a) Defendant is a prominent political scientist and author of more than a dozen highly praised books and numerous scholarly articles, formerly a professor at a number of Boston area colleges and universities, as well as Chapman University in California, not to mention scholarly research at Harvard, UC Berkeley and Binghamton University in New York;
(b) Defendant has already proffered to the court samples of hundreds of his publications that reflect his integrity and the absence of any propaganda as a policy expert, theologian, novelist, and poet, contributing to the American intellectual landscape;
(c) Defendant from 2007 until his arrest in January, 2021 was under the impression that his work was legal and therefore undertook many high-profile activities including lobbying Iran for the sake of (American) prisoners in Iran and participating in US-Iran Track II Diplomacy rounds, e.g., at US Association of UN, convinced that the US government was fully aware of his relationship with the Iran Mission. Indeed, the Government has readily admitted that they knew and yet did not bother to stop the Defendant for well over a decade, until the waning hours of the outgoing previous US administration;
(d) Defendant has formal, contractural relationship with the Iran Mission, fully permitted under UN regulations, which has been <u>breached</u> by the US government citing the violation of Foreign Agent Registration Act (FARA). On several occasions in the past, beginning in 2007 and more recently in 2020, Defendant provided copies of his cori report, green card and pages of his passport to Iran Mission, requested by the latter as part of the UN protocol. Defendant never once discussed FARA with any Iranian official and, in fact, was only vaguely aware of it and had never read it until after his arrest. The US government's claim that he engaged in a conspiracy to violate FARA is completely baseless. As a result, of the US government's breach of his contract above-mentioned, Defendant has, and will suffer from the deprivation of a vital source of his livelihood. Defendant has never in the past relied on any US government aid, has never applied for health care assistance, and it would be an additional burden on the US to provide such assistance to the Defendant if his role with Iran Mission is interrupted.
(e) Defendant states that the Court are to consider the Defendant's circumstance, character and so forth.

IV. 18 U.S.C. § 3553(a) Considerations: The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant has been marginalized for a long time by the powerful Harvard University, resulting in repeated abuses of his human rights, cited in Defendant's complaints to various human rights organizations including the UN Human Rights Council and Amnesty International, stemming from the Defendant's principled objection to Harvard's connection to the opponents of author, Salman Rushdie. As a victim of rights abuse in the US, Defendant's context of his role with Iran Mission must be properly understood as a means of survival in an inhospitable environment.

(f) Defendant is prepared to register as a foreign agent under the FARA Act <u>if the Court deems it necessary as a precondition</u> to continue his consulting role with the Iran Mission. Given the Government's stated concern in the Letter of March 1st, Defendant is willing to entertain set limits on the scope of his role and the nature of his interaction with the Iranian officials at the UN, specifically:

(1) Defendant is willing to accept the limitation of scope of his role as strictly confined to Iran's UN-related international issues.
(2) Defendant has not in the past ever written any article at the instruction of Iran Mission and will continue his consulting role pledging not to do so in the future either.
(3) Defendant agrees not to go to and visit Iran's Mission in New York and to stay away from the Mission, limiting his consulting role via internet and telephone.

In conclusion, Defendant states that the US government ought to recognize Defendant's record as a voice of moderation, logic, and rule-based foreign policy behavior for Iran, persistently advocating peace and dialogue between US and Iran. *See Defendant's compendium of his publications in his forthcoming book titled Agent of Peace, attached herein as Exhibits 1-2.* In a word, it is in US's national interest to allow the Defendant to continue his consulting role, in light of the continuing hostilities between US and Iran and the need for voices like the Defendant seeking de-escalation of tensions.
Defendant presents this response under seal due to the unusually high media attention to this case and the potential for misunderstanding.

WHEREFORE, Defendant prays the Court to hold a hearing on this matter.

Respectfully Submitted,

Kaveh L. Afrasiabi, Pro Se


Certificate of Copy: A true copy of this response has been served on the Plaintiff on this date, 03/01/21, under the pains and penalties of perjury.

Kaveh L. Afrasiabi