

U.S. Department of Justice

United States Attorney
Eastern District of New York

DMP:ICR/SKW
F. #2015R01171

271 Cadman Plaza East
Brooklyn, New York 11201

September 20, 2021

By E-mail

Kaveh Lotfolah Afrasiabi
Defendant, Pro Se

Deirdre D. von Dornum, Esq.
Standby Counsel
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201

   Re: United States v. Kaveh Lotfolah Afrasiabi
     Criminal Docket No. 21-46 (ERK)

Dear Dr. Afrasiabi and Ms. von Dornum:

   The government writes in response to your letter dated July 29, 2021, requesting a bill of particulars and several broad categories of discovery (the "July 29 Letter").

   "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused," and "is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means," including in its productions of discovery. United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (internal quotation marks and citations omitted).  Here, the defendant is already in possession of detailed information regarding the charges against him that goes well beyond the "plain, concise, and definite written statement of the essential facts constituting the offense charged" that Federal Rule of Criminal Procedure 7(c)(1) requires of an indictment.  That information includes the 37-page affidavit and complaint in support of an arrest warrant, which outlines the defendant's criminal conduct (the "Complaint," ECF No. 1), and the Rule 16 discovery in this case, which, among other things, includes the contents of the defendant's e-mail accounts, numerous audio recordings of the defendant's statements, and text messages sent and received by the defendant (ECF Nos. 70, 80, 107).

   Thus, although this is not a case in which it is "necessary" for the government to provide additional information to enable to defendant to prepare for trial, see United States v. Rivera, 89 F. Supp. 3d 376, 401 (E.D.N.Y. 2015) (noting that determination whether a bill of particulars is warranted "turns on whether the information sought is necessary, not whether it is

helpful" (internal quotation marks omitted)), the government is nevertheless willing to assist the defendant's review of the discovery in this case by identifying particular discovery materials responsive to the defendant's 46 specific requests for the evidence underlying allegations in the Complaint and Indictment that are listed in the July 29 Letter.

Enclosed as Attachment A to this letter is a chart that identifies the Bates number of the discovery materials responsive to the defendant's 46 numbered requests. For certain materials that were produced together under a single Bates number applicable to more than one communication, including the contents of the defendant's Yahoo! email accounts and his text messages, the government has provided an additional identifier to specifically identify the referenced file or communication. For information obtained from the defendant's email accounts, the additional identifier is a file name; for the information obtained from the defendant's text messages the additional identifier is a Product ID.

Additional copies of some of these communications exist in other forms that are duplicated in the discovery productions to the defendant, or they may be duplicated in other emails not listed in Attachment A. For example, the disc of the defendant's emails produced to him under Bates KA0039360 contains additional copies of many of the emails identified in Attachment A. The government reserves the right to amend or supplement its response.

Finally, with respect to the July 29 Letter's seven additional requests for broad categories of discovery (e.g., "Any and all evidence that Afrasiabi engaged in a conspiracy to violate FARA"), the government has provided relevant discovery materials to the defendant pursuant to Rule 16 of the Federal Rules of Criminal Procedure in productions under cover of letters dated April 30, May 18, and August 27, 2021 (ECF Nos. 70, 80, 107).

Please let us know if you have any questions or would like to discuss a resolution of this matter.

Very truly yours,

JACQUELYN M. KASULIS
Acting United States Attorney

By:   /s/
Ian C. Richardson
Sara K. Winik
Assistant U.S. Attorneys
(718) 254-7000

Enclosure (Attachment A)