

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:ICR/SKW
F. #2015R01171

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 3, 2022

<u>By ECF and Email</u>

Kaveh Lotfolah Afrasiabi
Defendant, <u>Pro</u> <u>Se</u>
c/o Deirdre D. von Dornum, Esq.
Standby Counsel
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201

      Re:    United States v. Kaveh Lotfolah Afrasiabi
               Criminal Docket No. 21-46 (ERK)

Dear Dr. Afrasiabi:

        The government writes to notify you that the government has learned that you violated the terms of the August 12, 2021 Protective Order (the "Protective Order," ECF No. 103) entered by the Court in the above-captioned matter by sharing with unauthorized persons discovery materials the government produced to you subject to the Protective Order ("Discovery Material"). Because the information known to the government at this time indicates that the Discovery Material that you shared consisted only of correspondence that you previously sent or received, the government is not seeking relief from the Court or to exercise its right to require the return of all Discovery Material provided to you. The government, however, takes this opportunity to remind you of the requirements of the Protective Order and the potential consequences should you continue to violate the Protective Order, and to request that you comply with the notification requirements of Paragraph 19 of the Protective Order.

        On February 23, 2022, a representative of a university ("University-1") contacted the Federal Bureau of Investigation ("FBI") to report that you sent harassing emails to several University-1 faculty members. University-1 voluntarily provided some of those emails to the FBI. Attached to some of the emails that you sent to the University-1 faculty were documents that had been disclosed to you in the government's discovery production under cover of letter dated January 19, 2022. (<u>See</u> ECF No. 121.) The government's January 19, 2022 letter notified you that the materials were being produced

"subject to the terms of the Court's August 12, 2021 Protective Order." (Id.) The materials attached to the email that you sent to University-1 faculty were clearly stamped "SUBJECT TO PROTECTIVE ORDER" with the Bates numbers assigned to those documents in the government's January 19, 2022 production.

Your disclosure of those materials without prior authorization from the government or the Court was a violation of the Protective Order. The Protective Order provides that you may not "disclose, disseminate or discuss Discovery Material to or with any other individual, entity, or organization unless such further disclosure is authorized in advance by this Protective Order, by the government in writing, or by Order of the Court." (Protective Order ¶ 3.) Discovery Material includes "all materials and information disclosed or produced by the government to the Defendant and Defense Counsel in the above-captioned case." (Id. ¶ 2(c).)

While the Discovery Material that you distributed to the University-1 faculty consisted of your own prior communications, the Discovery Material disclosed to you in this case includes sensitive non-public information, including: documents of various agencies of the United States Government; sensitive non-public personal, medical, and financial information of uncharged individuals; and information involving sensitive non-public law enforcement investigative techniques. The Protective Order is in place to protect those important interests, and under its terms, the Discovery Material may not be distributed unless authorized by the Protective Order. (See id. ¶ 3.)

Due to this violation of the Protective Order, the government is concerned that you may have provided Discovery Material to other unauthorized recipients which has not yet been brought to the government's attention. Paragraph 19 of the Protective Order provides that "[i]n the event that the Defendant, Defense Counsel, or any Authorized Recipient becomes aware that any term of this Protective Order has been violated or may have been violated, the Defendant, Defense Counsel, or Authorized Recipient shall immediately advise the government and the Court of the nature and circumstances of such violation." Accordingly, the government reminds you of your affirmative obligation to disclose any violation of the Protective Order and requests that you advise the government within seven days of the nature and circumstances of any additional violations so that the government and the Court may take such further action as may be appropriate.

Should you continue to violate the Protective Order, the government will take necessary actions to protect the Discovery Material produced in this case. Under Paragraph 20 of the Protective Order, "[u]pon determination by the government that Discovery Material has been accessed or obtained by a person who is not an Authorized Recipient, the government may require the Defendant, Defense Counsel or Authorized Recipient from whom Discovery Material was accessed or obtained to immediately return to the government all Discovery Material and copies of Discovery Material." Further, should the Court determine that there has been a violation of the Protective Order, the "the Court may take such action as it deems appropriate." (Id. ¶ 20.) Finally, because the Protective Order is an order of the Court, we remind you that you are subject "to punish[ment] for contempt of court [for] all violations of this Protective Order." (Id. ¶ 21.)

Very truly yours,

BREON PEACE
United States Attorney

By:    /s/
Ian C. Richardson
Sara K. Winik
Assistant U.S. Attorneys
(718) 254-7000

cc: Deirdre von Dornum, Esq. (standby counsel)
     Clerk of Court (ERK) (by ECF)