# Lolita De Palma

| | |
|---|---|
| **From:** | Kaveh Afrasiabi |
| **Sent:** | Saturday, April 30, 2022 2:11 AM |
| **To:** | Talia Cohen; Lolita De Palma; Richardson Ian (USANYE) 1; Winik Sara (USANYE); Deirdre Vondornum |
| **Subject:** | A Brief to the Court |

**CAUTION - EXTERNAL:**

To Excellency Judge Edward Korman:

Respectfully, this Pro Se Defendant wishes to briefly inform the Court of the sum of his (contradictory) experience so far with the standby attorney appointed by the Court. On the one hand, extensive record of Attorney Von Dornum's role over the past year and half clearly confirms the Court's intuition regarding the necessity of this appointment, in light of numerous instances of crucial assistance rendered to the Defendant by his standby attorney. On the other hand, this process has not been problem-free, by virtue of the irony that a distinguished attorney is relegated to a secondary, i.e., largely advisory, role to a non-attorney -- that militates against the nature of her craft, as well as against the pro-feminist values of this Defendant. Also, a pro se defendant intent on self-legislating and devising his own tactics and defense strategy is consequently pressed against the compulsion of splitting his unitary self-identity, the unconditioned being thus fettered, re-defined and re-shaped in the name of leveling the playing field. In the ensuing shared custody of the defense, the Pro Se Defendant ends up experiencing the process more ambiguously and, hasten to add, somewhat differently from the intended purpose by the Court, which is primarily if not solely concerned about the strict legal matters, when for this particular Defendant the process is simply a continuation of his previous 'lifeworld' which must remain consistent with the Defendant's extra-legal considerations. The legal and the personal thus intertwined, the Defendant's a priori moral duty as a voice of peace transcends the limited legal considerations and or concerns about the eventual outcome of the current charges, for to ignore this complexity is tantamount to succumbing to a new one-dimensionality that has been foreign to this Defendant's adult self-understanding. The duties of a standby attorney does not necessarily comport with this objective, which involves the role of moral compass not germane to the legal process, except in the most abstract level, to recall John Quincy Adams' historic defense before the Supreme Court in the case of Amistadt, when the High Court conceded that appeal to the higher law of nature can supersede the laws of the land, instead of conceding to the schematized formalism of the opposing argument. Truth operates in its completeness and it would be an affront to justice to disregard the duty to act (as a voice of peace) under its associated criteria that have been the prime mover of this Defendant in his dealings with Iran, subjected to a great deal of misunderstanding on the part of US government, which makes such a hypothesis virtually improbable by relying on a set of much narrower criteria.

Respectfully,

Kaveh L. Afrasiabi, Pro Se

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.