-------------------------------------------------------- X

UNITED STATES OF AMERICA,       :

          :   **<u>ORDER</u>**

          :

          :   21-cr-00046 (BMC)

      - against –      :

          :

          :

KAVEH LOTFOLAH AFRASIABI,   :

          :

          :

        Defendant.   :

-------------------------------------------------------- X

**COGAN**, District Judge.

This case has been reassigned to the undersigned.  This Order decides all pending motions and requests of defendant *pro se* and sets the matter down for trial.  References are to the docket numbers corresponding to defendant's motions or requests.  The Court notes that Judge Korman conducted a <u>Faretta</u> hearing and granted defendant's motion to proceed *pro se* but not without standby counsel, although he strongly advised defendant not to proceed *pro se*.

This Court's review of the docket confirms that defendant should have accepted Judge Korman's urging that he not proceed *pro se*.  Most of his motions are frivolous, all are without merit, and it is clear that defendant is not familiar with the proper way to obtain and submit evidence in a federal felony prosecution.  Defendant is advised that the Court will not help him in this case any more than it will help the prosecution.  Defendant is again urged to reconsider his decision to proceed *pro se*. Defendant is further advised that stand-by counsel is not appointed to follow his directions.  Stand-by counsel is there to answer questions and give guidance.  Finally, defendant is advised that unlike Judge Korman, this Court will not accept or

respond to email requests sent to Chambers.  Defendant must file any communications with the Court on the docket or they will be disregarded.

Jury selection before a Magistrate Judge is set for May 15, 2023, with trial to follow immediately thereafter.  The Court will hold a final pretrial conference on May 9, 2023, at 4:45 pm in Courtroom 8D.  Time is excluded until then based on Judge Korman's prior determination that the case is complex.

| Date | ECF No. | Motion Type | Details | Disposition |
|------|---------|-------------|---------|-------------|
| 8/10/2022 | 100 | Defendant's Motion to Compel | Defendant moves to compel the government to "produce all the evidence in its possession regarding Afrasiabi's involvement in the US-Iran Track II diplomacy rounds." | Denied.  This is an improper request under the Fed. R. Crim. P. |
| 11/1/2021 | 117 | Defendant's letter dated 10/30/21 | Defendant "implore[s] the Court to take necessary steps . . . to prevent" the "abuses of [defendant's] civil, human, and constitutional rights" perpetrated against him by Harvard and the Cambridge police. | Denied.  This is not within the power of the Court. |
| 3/1/2022 | 125 | Defendant's email dated 2/28/2022 | Defendant requests "temporary leave to join the international legion formed by Ukraine to support its war of independence against Russian aggression." | Denied as frivolous. |

| | | | | |
|---|---|---|---|---|
| 3/4/2022 | 129 | Defendant's email dated 3/4/22. | Defendant asks the Court to convert John Kerry's letter to the DOJ "in support of [defendant's] complaint of human rights abuse by Harvard University, to a non-confidential public document so that [defendant] can utilize it in [his] planned defamation law suit against the University." | Denied as frivolous. |
| 5/2/2022 | 134 | Defendant's email dated 4/30/22 | Defendant appears to be requesting that he be relieved of his standby counsel. | Denied. Judge Korman conducted a Faretta hearing and permitted defendant to represent himself, despite Judge Korman urging defendant that it was unwise in the extreme to proceed without a lawyer. This Court is not going to allow him to proceed *pro se* without standby counsel. |
| 9/8/2022 | 143 | Defendant's *SEALED* Interoffice Memorandum/Email | Defendant asks the Court to issue a writ of mandamus "calling for a criminal investigation of [defendant's] human rights abusers." | Denied as frivolous. |
| 9/8/2022 | 144 | Defendant's Interoffice Memorandum/Email | Defendant asks the Court to clarify the legal status of permanent missions to the United Nations and for a special evidentiary hearing on this question. | Denied as frivolous. |
| 9/8/2022 | 145 | Defendant's Interoffice Memorandum/Email | Defendant asks the Court (1) to clarify whether permanent missions to the United | Denied as frivolous, except that portion asking for an extension of time. That portion is denied because |

| | | | Nations are "foreign principals" within the meaning of the Foreign Agent Registration Act; (2) for an extension of time to "litigate the matter of applicability of Foreign Agent Registration Act to components of United Nations"; and (3) to hold a preliminary hearing on "the nature of relations between Foreign Agent Registration Act and The United Nations." | what defendant refers to as "this matter" is not the matter before this Court. |
|---|---|---|---|---|
| 9/22/2022 | 150 | Defendant's Motion to Dismiss | Motion to dismiss on the grounds that (1) defendant consulted for the Permanent Mission of Iran to the United Nations, which does not fall under the purview of the Foreign Agent Registration Act; (2) defendant was exercising his First Amendment rights and did not take commands from any foreign government; rather, his assistance was voluntary; (3) the government has been aware of defendant's relationship with the Permanent Mission of Iran to the United Nations since 2007 and took no action; (4) there was no agent-principal relationship between | Denied. These are substantive defenses, which can only be raised at trial, if at all. |

| | | | | |
|---|---|---|---|---|
| | | | defendant and Iran; and (5) there is no evidence defendant had the requisite mens rea under the Foreign Agent Registration Act because he didn't know he was violating any US law. | |
| 10/3/2022 | 153 | Defendant's Emergency Motion to Compel | Defendant asks the Court to compel the government to (1) "disclose the nature of Iran-UN banking and financial relations" and (2) stay the trial pending the government's production of documents. | Denied as frivolous |
| 10/3/2022 | 154 | Defendant's Supplemental Motion to Dismiss the Indictment | Defendant asks the Court to (1) set aside the indictment, (2) reconsider the denial of his motions to dismiss the complaint, and (3) reconsider defendant's "Motion Requesting the Court's Clarification regarding the Legal Status of Permanent Mission of Iran to UN." | Denied as without merit. |
| 10/3/2022 | 155 | Interoffice Memorandum/Email (Motion in Limine) | Defendant asks the Court to allow at trial (1) a letter from Noam Chomsky, (2) testimony from Noam Chomsky, and (3) testimony from Chris Wallace. | Ruling deferred until trial. The letter is hearsay. Defendant may subpoena these witnesses for trial in accordance with the Fed. R. Crim. P. and the Court will determine whether they have any evidence relevant to this case. |

| | | | | |
|---|---|---|---|---|
| 10/3/2022 | 156 | Interoffice Memorandum/Email (Motion in Limine) | This appears to be a duplicate of the filing above at ECF 155. | Same ruling as 155. |
| 10/3/2022 | 157 | Interoffice Memorandum/Email (Motion in Limine) | Defendant asks the Court to allow at trial testimony from Salman Rushdie and the contents of Rushdie's autobiography | Same ruling as 155. |
| 10/3/2022 | 157 | Interoffice Memorandum/Email (Motion in Limine) | Defendant asks the Court to allow at trial (1) testimony from Ash Carter; (2) communications between Carter and defendant regarding a "joint proposal on 'incident at sea agreement' aimed at preventing accidental warfare between US and Iranian[s]"; and (3) communications between defendant and Iran's foreign minister, Javad Zarif on the "incident at sea" | Same ruling as 155. |
| 10/3/2022 | 158 | Letter to the Court | Defendant claims that this prosecution of him is cruel and unusual punishment. | Denied as without merit. A prosecution cannot violate the "cruel and unusual punishment" clause of the 8th Amendment. |
| 10/3/2022 | 159 | Interoffice Memorandum/Email (Motion in Limine) | Defendant asks the Court to allow at trial certain statements by President Biden and Robert Malley regarding the U.S. withdrawal from the PCPOA. | Denied as without merit. |

| 10/3/2022 | 160 | Letter to the Court | Defendant requests to proceed without standby counsel. | Denied.  See 134, *supra*. |
|---|---|---|---|---|
| 10/03/2022 | 161 | Interoffice Memorandum/Email (Motion in Limine) | Defendant asks the Court to allow at trial testimony from Sarah Levinson. | Denied as irrelevant.  If defendant is convicted, the Court may reconsider this in connection with sentencing. |
| 10/3/2022 | 162 | Interoffice Memorandum/Email (Motion in Limine) | Defendant asks the Court to allow at trial testimony from the editors of the New York Times, the Boston Globe, and the Bulletin of Atomic Scientists. | Denied as frivolous and in violation of the Federal Rules of Evidence. |
| 10/3/2022 | 163 | Interoffice Memorandum/Email (Motion in Limine) | No motion is posted on the docket. | No action possible. |
| 10/3/2022 | 164 | Interoffice Memorandum/Email (Motion in Limine) | Defendant asks the Court to allow at trial testimony from Wendy Sherman. | Deferred.  See 155, *supra*. |
| 10/3/2022 | 165 | Interoffice Memorandum/Email (Motion in Limine) | Defendant asks the Court to allow at trial testimony from Antonio Guterres and his six political assistants. | Deferred.  See 155, *supra*. |
| 10/3/2022 | 166 | Interoffice Memorandum/Email (Motion in Limine) | Defendant asks the Court to allow at trial evidence that the Justice Department did not charge Ahmed Sheikhzadeh with a violation of the Foreign Agent Registration Act. Defendant also asks the Court to allow at trial testimony from Mr. Sheikhzadeh. | Denied as irrelevant.  The Government has discretion on who to prosecute and who not to prosecute and defendant has failed to proffer facts sufficient to make out a case of selective prosecution, a technical legal defense of which, as a *pro se* litigant, he clearly has no knowledge. |

| 10/6/2022 | 167 | Defendant's Supplemental Motion to Dismiss | Defendant asks the Court to dismiss or set aside the indictment because the government is treating defendant differently from other similarly situated individuals, defendant has a long track record of defending human rights in Iran, and defendant has health issues. | Denied. <u>See</u> 158, 161, 166, *supra*. |
|---|---|---|---|---|
| 10/6/2022 | 169 | Letter to the Court | Defendant says he will accept the government's plea if the government will "prosecute [defendant's] rights abusers." | No action required. The Court is not permitted and does want to get involved in plea negotiations. |
| 10/7/2022 | 173 | Motion to Substitute Attorney and Proceed *Pro Se* | Defendant's attorney moves to be relieved of her appointment as standby counsel to defendant. Defendant also requests to proceed without standby counsel. | Defense counsel's motion is granted for good cause as described in her motion. Defendant's request is denied, <u>see</u> 134, *supra.* The Court will appoint new standby counsel. |

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
October 9, 2022