

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CRH:ICR/NJM/SKW                       *271 Cadman Plaza East*
F. #2015R01171                        *Brooklyn, New York 11201*

February 16, 2023

<u>By ECF and Email</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Kaveh Lotfolah Afrasiabi
     <u>Criminal Docket No. 21-46 (BMC)</u>

Dear Judge Cogan:

   The government respectfully writes in response to the Court order dated February 13, 2023, regarding the defendant's claim that trial should be delayed because of the defendant's non-acute health concerns. The defendant's claim that he cannot prepare for trial is without merit and is a continuation of his repeated attempts over the past two years to delay this case.

   By way of background, the defendant claims that his gout and pancreatitis preclude him from being able to prepare for trial. The government is unaware of any legal authority that provides for a trial delay or a medical examination because of a physical ailment. The Due Process Clause of the Constitution requires only that a person be "competent to stand trial," and a person is incompetent when his "mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." <u>United States v. Kerr</u>, 752 F.3d 206, 215 (2d Cir. 2014), as amended (June 18, 2014). Thus, at best, the defendant's claim may be understood as a claim that his medical ailments render him mentally incompetent to stand trial, because he is unable to assist with his own defense.

   Title 18, United States Code, Section 4241(a) provides that the Court shall order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." If such a hearing is ordered, the Court may order

psychological or psychiatric evaluation of the defendant.  See § 4241(b).

Here, no hearing or pre-hearing examination is required (or warranted) because the defendant has failed to make any initial showing of reasonable cause under the statute.  The defendant has not provided evidence from an accredited doctor that any purported acute medical conditions prevent him from preparing for trial.[1]  Absent such an initial, threshold showing there is no reason to proceed further.

An evaluation is also unnecessary because the defendant's own conduct demonstrates that he is capable of preparing for trial.  For example, since January 1, 2023, the defendant has sent the government at least 78 emails regarding his case.  Many of the defendant's emails debate the merits of the case, outline the defendant's arguments why he believes the government should dismiss the charges, and sets forth what the defendant believes are his defenses to the charges.  The defendant's ability to engage in the substance of his case through the 78 emails he sent to the government in the past month and a half directly disprove the defendant's claim that any purported medical conditions prevent him from preparing for trial.

His claims appear, rather, to be a further attempt to delay trial.  Indeed, the defendant has had over two years to prepare for trial, yet the record reflects that the defendant has attempted to delay the case multiple times.  Before this matter was reassigned to this Court, U.S. District Judge Edward R. Korman admonished the defendant for his conduct.  For example, in a September 23, 2022 status conference, Judge Korman granted the defendant's motion to delay setting a trial date, but told the defendant: "[y]ou can't put this off.  You've got to make a decision.  And I'm not going to allow this case to drag on and on and on."  In an October 6, 2022 status conference, Judge Korman again granted the defendant's motion to delay setting a trial date but commented: "God knows how many times we put this off."  In that same conference, the defendant noted that the reason he was allegedly not engaged in trial preparation was because he was instead teaching "five days a week now."  The Court noted, in response that it was "bending over backwards" to assist the defendant, but that it was time to "bring [the case] to a close."  Four months later, the defendant has come up with new reasons to seek to delay his case.  In a recent email to the government dated February 14, 2023, the defendant threatened that if trial is not delayed, he will "immediately stage a hunger strike and go public, just to let you know."

While the government does not believe that an adjournment is warranted, based on the Court's order to propose an alternative course of action, the government proposes adjourning the trial one month, until June 2023, as a final course of action absent some threshold proof of a legitimate inability to prepare for trial as contemplated by statute.

---

[1] A generic doctor's note, not addressed to the Court, that the defendant is excused from work does not show good cause why the defendant cannot prepare for trial.

The government is available for a conference should the Court have additional questions.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  _____/s/_____
Ian C. Richardson
Nicholas J. Moscow
Sara K. Winik
Assistant U.S. Attorneys
(718) 254-7000

cc:  Clerk of Court (BMC) (by ECF and Email)
Kaveh Lotfolah Afrasiabi (pro se defendant) (by Email)
Sabrina Shroff, Esq. (standby counsel) (by Email)